New Jersey Department of Labor,
Workmen's Compensation Bureau.

MANUEL V. PERALES, PETITIONER, v. WORTHINGTON
PUMP AND MACHINERY CORPORATION, RESPONDENT.

Decided June 30, 1948.

For the petitioner, *Saul M. Mann.*

For the respondent, *James J. Carroll.*

This is a proceeding brought by Manuel V. Perales, as petitioner, against Worthington Pump and Machinery Corporation, as respondent, seeking compensation under and by virtue of *R. S.* 34:15–35.1 to 34:15–35.9; *N. J. S. A.* 34:15–35.1 to 34:15–35.9, known as the silicosis and asbestosis supplement to the Workmen's Compensation Act and being chapter 88, laws of 1944, approved April 10th, 1944, and effective January 1st, 1945.

A petition and answer were duly filed with the secretary of the Workmen's Compensation Bureau at his office in Trenton, New Jersey. In regular course, the matter came on for trial before me, John J. Stahl, a Deputy Commissioner of Compensation, at the chambers of the Workmen's Compensation Bureau, 158 Ellison Street, Paterson, New Jersey.

The present proceeding is grounded upon a claim of silicosis, a disease of the lungs, defined by the statute 34:15–35.2 as "due to breathing air containing silicon dioxide dust, characterized anatomically by generalized fibrotic changes in the lungs, with a development of miliary nodulation," and which disease petitioner avers was contracted by him during his employment with the respondent. Considerable testimony was offered in behalf of the respective parties, some of which was in sharp conflict as to fact as well as to credibility.

The burden of proof rests upon the petitioner to establish his right to an award of compensation from the respondent.

The petitioner testified that he was regularly employed by the respondent as an electric welder at its plant in Harrison, New Jersey, from June, 1943, to January, 1946; that in the same room in which he worked were chippers, burners and sand blasters; that the sand blasters were but twenty feet from his welding booth, who, in the operation of their sand blasting machines, caused fine sand to permeate the room, so that the atmosphere appeared muddy; that from time to time during the period of his employment he was compelled to leave the room and go outside in the yard for fresh air; that during the months of September and October, 1945, he began to experience for the first time a faint feeling, chest pains, difficulty in breathing, a general tired feeling and short windedness; that on November 8th, 1945, he consulted Dr. I. Glassman of New York City, who, after physical and X-ray examination, diagnosed his case as one of silicosis; and that on January 15th, 1946, because of the gravity of his condition, he was forced to terminate his employment with the respondent. On cross-examination it was elicited that petitioner had been a coal miner in Pennsylvania from 1932 to 1942, both as an employee of a large coal mining company and as a free lance mine operator.

Dr. Irving L. Appelbaum, a specialist in lung diseases, was the petitioner's sole medical expert. He testified that he examined and X-rayed the petitioner on February 26th, 1946, discerning the following objective findings: pharynx slightly congested; teeth poor; heart essentially normal; blood pressure 120/78; regular sinus rhythm—rate 75; lungs emphy-

sematous breath sounds, with few scattered inconstant rales bilaterally; and X-rays disclosing fine linear fibrosis of both lungs with peri-bronchial nodulation and accentuated Hiler areas. In answer to a hypothetical question, the doctor expressed an opinion that the petitioner was suffering from silicosis with bilateral linear fibrosis; that the said disease was due to his last occupation with the respondent during the past three years; and that the petitioner was totally disabled from returning to his last occupation with respondent as a welder. On cross-examination, Dr. Appelbaum conceded that X-rays alone are not diagnostic of silicosis, and that sand blasting may or may not give off particles of sand fine enough to cause silicosis.

Upon the conclusion of the petitioner's case, respondent moved for a dismissal of the petition on four specific grounds, to wit: (1) that petitioner failed to prove exposure to free silica or to air containing silicon dioxide ($Si\ O_2$) dust during his employment with the respondent; (1) that he failed to establish the degree of his incapacity as that of total disability; (3) that petitioner's occupation was that of a welder, and the proofs failed to show that the disease of silicosis was due to or peculiar to the welding trade, occupation, process or employment therein; and (4) that the petitioner, in absence of conclusive proof in favor of his claim, failed to establish exposure to the inhalation of silicon dioxide dust over a period of not less than five years during the ten years immediately preceding the date of his disablement. A ruling thereon was reserved until the respondent had put in its defense whereupon the motion on the four stated grounds was renewed.

The respondent's defense was a general denial of Perales' claim of having contracted silicosis during his employ with the Worthington Pump and Machinery Corporation. In challenging petitioner's right to a recovery under the statute, three physicians were produced by the respondent, namely, Dr. James B. Jaso, plant physician and a specialist in industrial medicine and surgery; Dr. Abraham E. Jaffin, specialist in chest diseases; and Dr. Thomas J. Ormsby, specialist in lung diseases, whose opinions were diametrically opposite to

the one expressed by Dr. Irving L. Applebaum in behalf of the petitioner.

Dr. Jaso testified that he made a pre-employment physical examination of the petitioner on June 12th, 1943, and also took X-rays of his chest on June 12th, 1943, and re-X-rayed his chest on January 11th, 1945. He further testified that it was the policy of the respondent-plant to X-ray the chests of all prospective employees with past histories of dust exposure or former mine workers, as well as all employees engaged in welding who were given periodic X-ray examinations of their chests. Dr. Jaso expressed the opinion that X-rays taken of the petitioner were negative for silicosis.

Dr. Jaffin, after inspecting both series of X-ray films, those of Dr. Appelbaum and Dr. Jaso, testified that they depicted practically the same shadows in the chest cavity, indicating good inspiration and expiration. He testified further that *Exhibit P-1*, one of Dr. Appelbaum's films, showed a fat man's chest without any gross pathology. He was of the definite opinion that Perales was not suffering from silicosis.

Dr. Ormsby testified that he made a physical examination of petitioner and also X-rayed him on October 25th, 1946, which revealed that Perales was not a victim of silicosis; the X-rays disclosing normal cardiac shadow, normal diaphragmatic shadows, normal angles of the lungs and normal bone structure of the chest; that the lung fields were free of tuberculosis, acute infection, pneumonia or fungus involvement; that there were increased linear markings of both lung fields, indicating some pulmonic scarrings. He concluded from the X-ray standpoint that the film taken by him was essentially a normal film, and that by comparative study of X-rays of Drs. Appelbaum and Jaso, it was his opinion that the pulmonic findings were the same in all films, indicative of scarrification of lung tissue. Dr. Ormsby further testified that his physical examination revealed the following: Occupational history—coal miner 1932 to 1943, welder 1943 to 1946, and unemployed 1946 to present time; complaints: shortness of breath, becomes winded upon walking up stairs or walking several blocks, and upon sleeping requires two pillows; objective findings; no evidence of respiratory em-

barrassment, no dyspnea, no cyanosis, normal sedimentation test, and normal vital capacity test 3.3 liters. In answer to a hypothetical question embracing the essential facts as developed by the evidence, Dr. Ormsby expressed the opinion that the petitioner did not contract silicosis as a result of his employment at the respondent's plant, nor was he suffering from the disease of silicosis in any form. On cross-examination Dr. Ormsby testified that the scar tissue of petitioner's lungs as evidenced by the X-ray films was due to his former occupation of coal miner; and that the disability ascribed to this condition did not exceed 10% of the partial total.

In this posture of the proofs wherein the opinions of the medical experts are so sharply conflicting and irreconcilable, it becomes necessary, in order to arrive at a decision, to accept the view which seems the more credible, weighty and reasonable. In my considered judgment, I find that the overwhelming weight of the credible medical testimony preponderates in favor of the respondent's three physicians to the effect that Perales does not suffer from silicosis. I feel reasonably satisfied, upon a careful consideration of the entire evidence, that the petitioner acquired some form of respiratory affliction as a result of his occupation as coal miner for several years prior to his employ with the Worthington Pump and Machinery Corporation, and that the said respiratory condition, in all probability, may have been affected or aggravated by reason of his welding operations through the inhalation of obnoxious fumes and other atmospheric impurities during the three year employment period with the respondent.

While silicosis admittedly is an occupational disease, the silicosis supplement to the statute 34:15–35.1 differs materially from the enumerated occupational disease section of the statute, 34:15–31. Obviously the silicosis supplement sets up its own procedural requirements and limits recovery of compensation to cases of total disability or where death ensues. The second paragraph of 34:15–34.5 specifically provides: "Neither compensation nor damages shall be payable for partial disability due to silicosis or asbestosis in respect to any employee subject to the provisions of this act."

The proofs here having failed to disclose that the petitioner is suffering from silicosis in any form, it would appear that the respondent is entitled to a dismissal of the petition on all four grounds as hereinbefore set forth in its motion. Accordingly I am constrained to grant the said motion.

It is therefore * * * ordered that the petition be and the same is hereby dismissed.